UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALLISON LENDING, LLC,                                    Case No.: 1:25-CV-01939

                              Plaintiff,                 **COMPLAINT**
              -against -

LANDA APP 3 LLC; YISHAI COHEN a/k/a YSHAY
COHEN; MR SUPER INC; TIKTOK INFORMATION
TECHNOLOGIES UK LIMIT; JOHN DOE and JANE
DOE, the last two names being fictitious, it being
intended to name all other parties who may have some
interest in or lien upon the premises described in the
complaint,

                              Defendants.
-------------------------------------------------------------------X

ALLISON LENDING, LLC ("Plaintiff") by its attorneys Hasbani & Light, P.C.,

complaining of defendants, respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.     This is an action brough pursuant to New York Real Property Actions and

Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property

commonly known as 1363 Hancock Street, Brooklyn, NY 11237, and known on the Kings County

Tax Map as Block: 3392 Lot: 53 in the County of Kings and State of New York (the "Property").

A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit**

**A**.

### PARTIES

2.     Plaintiff is a limited liability company organized under the laws of Delaware with

a principal place of business in Miami, Florida.

1

3.      Defendant LANDA APP 3 LLC ("Defendant"), upon information and belief, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New York, 6 W. 18th Street, 12th Floor, New York, New York 10011.

4.      Defendant LANDA APP 3 LLC is owned by LANDA HOLDINGS, INC. whose principal place of business is also 6 W. 18th Street, 12th Floor, New York, New York 10011.

5.      For the purposes of diversity, Defendant is a citizen of the State of New York.

6.      Defendant is a necessary party defendant to this action because it is (i) the borrower of the Loan; (ii) the Mortgagor under the Mortgage; and (iii) the owner of the Property.

7.      Defendant YISHAI COHEN a/k/a YSHAY COHEN ("Cohen" or "Guarantor") is an individual residing in the State of New York and/or the State of Israel. Cohen is a necessary party defendant to this action because he is a guarantor of the Note, as set forth below.

8.      Defendant MR SUPER INC. is a company with an address of 4424 18th Avenue, Brooklyn, New York 11230 who filed a UCC Financing Statement against the Property.

9.      Defendant TIKTOK INFORMATION TECHNOLOGIES UK LIMIT is a company with an address of 5800 Bristol Parkway, Culver City, California 90230 and is a defendant in this action because it claims to hold a judgment against Landa Holdings Inc.

10.     Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

11.     Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

**JURISDICTION AND VENUE**

12.    This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

13.    Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this district.

**AS AND FOR THE FIRST CAUSE OF ACTION**

14.    On or about August 19, 2022, as evidence of a loan in the amount of $1,225,000.00, Defendant executed and delivered to IceCap Sub-Reit II, LLC a mortgage and note dated August 19, 2022 ("Mortgage #1"). A copy of the Mortgage #1 is annexed hereto as **Exhibit B**. Mortgage #1 was assigned to RBI Mortgages LLC ("RBI"). True and correct copies of the assignments of mortgage are also attached as **Exhibit B**.

15.    On or about June 14, 2024, Defendant obtained another loan in the amount of $87,250.00 and executed and delivered to RBI a mortgage and note dated June 14, 2023 ("Mortgage #2"). A copy of the Mortgage #2 is annexed hereto as **Exhibit B**.

16.    On the same date, Defendant executed a Consolidation, Extension and Modification of Mortgage and Security Agreement (the "CEMA") which consolidated Mortgage #1 and Mortgage #2 into one lien with a principal balance of $1,300,000.00. A true and correct copy of the CEMA is annexed hereto as **Exhibit C**. The CEMA was recorded in the Office of the City Register of the City of New York, County of Kings on July 30, 2024, under CRFN: 2024000195567. *See* **Exhibit C**. Defendant also executed and delivered to RBI a Consolidated and Restated Mortgage, Assignment of Rents, Security Agreement and Fixture Filing dated June 14, 2024 (the "Mortgage"). *See* **Exhibit C**.

3

17. Additionally, Defendant executed a Consolidated and Restated Promissory Note on June 14, 2024 (the "Note"). A true and correct copy of the Note is attached as **Exhibit D**.

18. As further security for repayment of the Loan, Defendant executed an Assignment of Leases and Rents dated June 14, 2024, thereby granting a security interest to RBI in, among other things, all leases and lettings of the Property. The Assignment of Leases and Rents dated June 14, 2024 was recorded in the Office of the City Register of the City of New York, County of Kings on July 30, 2024. A copy of the recorded Assignment of Leases and Rents dated June 14, 2024 is annexed hereto as **Exhibit E**. The Rent Assignment was assigned to Plaintiff. A copy of the Rent Assignment to Plaintiff is also attached as **Exhibit E**. (The Assignment of Leases and Rents dated June 14, 2024 and the Rent Assignment to Plaintiff will collectively be referred to as the "Rent Assignment").

19. As further security for the indebtedness, on or about June 14, 2024, Guarantor duly executed, acknowledged and delivered to RBI, its successors and assigns, a certain Guaranty of Payment (the "Guaranty"), wherein the Guarantor, absolutely and unconditionally guaranteed the repayment of all sums due under the Loan, as more particularly described therein. A true and current copy of the Guaranty is annexed hereto as **Exhibit F**.

20. Additionally, the wet-ink Note was ultimately transferred to Plaintiff as evidenced by the allonge duly affixed to the Note. *See* **Exhibit D**.  Plaintiff is the owner of the Note and is in physical possession of the Note. *See* **Exhibit D**. (The "Mortgage #1", "Mortgage #2", "Mortgage", "CEMA", "Rent Assignment", and "Guaranty" are collectively referred to as the "Loan Documents.")

21. Pursuant to the Loan Documents, in any lawsuit for foreclosure, the Plaintiff or its successors or assigns possesses the right to collect all costs and disbursements and additional

allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Defendant owes Plaintiff or its successor-in-interest which fees shall become part of the sums secured.

22.     Defendant defaulted under the terms of the Loan Documents for, among other things, failing to make payments as they became due.

23.     Under the terms and conditions of the Loan Documents, the unpaid principal balance is $1,300,000.00, plus all other costs, fees and charges that may apply.

24.     During the pendency of this action, Plaintiff, in order to protect the lien of the Loan Documents, may be compelled to pay sums due on other mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Loan Documents.

25.     The Loan Documents contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

26.     No other action is now pending at law or otherwise for the foreclosure or to recover the amount due under the Loan Documents.

27.     Pursuant to the Loan Documents, prior notices of default were not required.

**AS AND FOR A SECOND CAUSE OF ACTION**

28.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" though and including "27" of the Complaint.

5

29.    YISHAI COHEN a/k/a YSHAY COHEN, an individual person and New York resident, duly executed the Guaranty of Payment as additional security for repayment of the sums due under the Loan Documents, wherein he, among other things, personally guaranteed the repayment of the Loan, as more particularly described therein.

30.    By reason of the foregoing, Plaintiff reserves the right to seek a deficiency judgment pursuant to Real Property Actions and Proceedings Law § 1371 against the Guarantor, jointly or individually, as the case may be, for the full extent of his liability under the Loan Documents, as applicable, upon the completion the foreclosure action.

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>

31.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" though and including "30" of the Complaint.

32.    Defendant is in default on the Loan for failing to pay property taxes, water charges, and assessments due on the Property.

33.    By reason of the foregoing, Defendant seeks to foreclose on the Loan by virtue of this additional event of default.

34.    To the extent applicable, pursuant to RPAPL Section 1302 as amended, Plaintiff complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

35.    Plaintiff is in compliance with Section 9-X of the New York State banking law, if applicable.

36.    Due to the above-described default, the Defendant is indebted to Plaintiff pursuant to the terms of the Loan Documents for:

a.     The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges:

b.     Attorneys' fees and other costs and disbursements, payable to Plaintiff under the terms of the Loan Documents, which will accrue until the amount due and payable under the Loan is paid in full; and

c.     Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Loan Documents are paid in full.

37.     Plaintiff requests that, in the event this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

a.     Any state of facts that an inspection of the Property would disclose.

b.     Any state of facts that an accurate survey of the Property would show.

c.     Covenants, restrictions, easements and public utility agreements of record, if any.

d.     Building and zoning ordinances of the municipality in which the mortgaged Property is located and possible violations of same.

e.     Any right of tenants or person in possession of the subject Property.

f.     Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

g.     Prior lien(s) of record, if any.

38.     In the event that Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any

independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

39.    Plaintiff shall not be deemed to have waived, altered, released, or changed the election made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

40.    No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein as follows:

a)    On the first cause of action that all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Property and each and every part and parcel thereof; that the Property may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject Property; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said Property, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that Plaintiff may be paid the amount due on said Note and Mortgage with interest to the time of such payment, attorneys' fees, as set forth in the Mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will

pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

b)      On all causes of action together with Plaintiff's costs and attorneys' fees; and

c)      Such other and further relief as this Court shall deem just and proper.

Dated:   New York, New York                           **HASBANI & LIGHT, P.C.**
          April 8, 2025

                                                      */s/ Danielle Light*_____
                                                      Danielle Light, Esq.
                                                      *Attorneys for Plaintiff*
                                                      450 Seventh Avenue, Ste 1901
                                                      New York, New York 10123
                                                      dlight@hasbanilight.com
                                                      Tel: 212.643.6677