UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 ALLISON LENDING, LLC,

                        Plaintiff,          **MEMORANDUM & ORDER**
                                            25-cv-01939(EK)(MMH)

              -against-

 LANDA APP 3 LLC, et. al.,

                        Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Defendants Landa App 3 LLC and Yishai Cohen move for a

temporary restraining order in this pending foreclosure action.

Complaint, ECF No. 1; Defs.' Emergency Decl. in Supp. of TRO

("Defs.' Emergency Decl.") ¶¶ 2-6, ECF No. 36-1.  The action was

filed in April, and the docket reflects that defendant Yishai

Cohen was served on April 28 and defendant Landa App 3 on June

25.  ECF Nos. 10, 12.  Appearing for the first time on November

10, defendants now assert that they did not receive notice of

the clerk's July entry of default.[1]

          As to the merits, the defendants contend that

plaintiff improperly acquired Landa App 3 at an auction in

August and proceeded to "exercise dominion over the subject

membership interests and real property" in a variety of ways,

---

[1] However, the docket indicates that Magistrate Judge Henry ordered
plaintiff to mail defendants the court's July entry of default and related
docket order, and that plaintiff did so.  ECF Nos. 28-29.

including by collecting rent payments from tenants.  Defs.'
Emergency Decl. ¶¶ 3-9.  The current record does not permit a
high-confidence assessment of whether this is consistent with
the fact that no final order of foreclosure has issued.  At this
point, the defendants seek a TRO that would, among other things,
restrain plaintiff from "disposing of the real property known as
1363 Hancock Street" in Brooklyn.  Defs.' Order to Show Cause
with TRO 3, ECF No. 36.

A TRO is "an extraordinary and drastic remedy."
*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam).[2]  To
obtain a TRO, a party must show: "(1) a likelihood of success on
the merits; (2) that [the movant] is likely to suffer
irreparable injury in the absence of an injunction; (3) that the
balance of hardships tips in the [movant's] favor; and (4) that
the public interest would not be disserved by the issuance of
the injunction."  *Capstone Logistics Holdings, Inc. v.
Navarrete*, 736 F. App'x 25, 25-26 (2d Cir. 2018).

Defendants have not met these requirements.  First and
foremost, they have not established irreparable harm — "the
single most important prerequisite for the issuance" of
injunctive relief.  *Faiveley Transp. Malmo AB v. Wabtec Corp.*,
559 F.3d 110, 118 (2d Cir. 2009).  To show irreparable harm, a

---

[2] Unless otherwise noted, when quoting judicial decisions this order
accepts all alterations and omits all citations, footnotes, and internal
quotation marks.

movant must establish "a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Wickapogue 1 LLC v. Blue Castle (Cayman) Ltd.*, 657 F. Supp. 3d 234, 239 (E.D.N.Y. 2023) ("*Wickapogue 1*").  Defendants argue that they will lose their "ownership and possessory interest" in the property if relief is not granted.  Defs.' Emergency Decl. ¶ 6.

The loss of an interest in property is not sufficient to constitute irreparable harm.  *See Sung Chul Lee v. Choi*, 140 F. App'x 299, 300 (2d Cir. 2005).  There are exceptions to this rule, such as where the property is a primary residence or its sale would have "catastrophic" implications.  *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-1*, No. 23-cv-3985, 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023); *see also Medgar Evers Houses Assocs., L.P. v. Carro*, No. 01-CV-6107, 2001 WL 1456190, at *6 (E.D.N.Y. Nov. 6, 2001).  But loss of a commercial interest in property, which is what the defendants allege, does not qualify for irreparable harm.

Thus, for example, the mortgagor in *Atlas MF Mezzanine Borrower, LLC v. Macquarie Texas Loan Holder, LLC*, sought to enjoin a foreclosure sale.  No. 17-cv-1138, 2017 WL 729128, at *1-2 (S.D.N.Y. Feb. 23, 2017) ("*Atlas*").  The court held that the movant's injury was ultimately compensable because "the

interest in the real estate is commercial, and the harm it fears is the loss of its investment" rather than the loss of a home or unique property. *Id.* On that basis, the court found no irreparable injury. *Id.* Similarly, in *Wickapogue 1*, the sale of the movant's 100% membership interest in an LLC did not constitute irreparable harm, because the interest at issue was in commercial real estate. *Wickapogue 1*, 657 F. Supp. 3d at 240. Defendants' ownership interest here is plainly commercial in nature because it concerns a residential rental property. *See* Defs.' Mem. in Supp. of TRO ("Defs.' Mem.") ¶ 72, ECF No. 36-3. Landa App 3 manages the real property as a rental property at which tenants pay rent. Aff. of Yishai Cohen ("Cohen Aff.") ¶¶ 24-26, ECF No. 36-2; Tenant Emails, ECF No. 36-6.

Defendants' claim of irreparable harm is also undermined by their delay in seeking relief. *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 39 (2d Cir. 1995) ("A district court should generally consider delay in assessing irreparable harm."). Defendants assert that they learned of the contested August sale on September 10, but they did not seek injunctive relief until November 10. Defs.' Mem. ¶ 8; Tenant Emails, ECF No. 36-6. Further, they advise that the sale of "100% membership interest in Landa App 3" has already occurred,[3]

---

[3] The ship has sailed, so to speak.

which undercuts the claim of "imminent" harm.  Affirmation and Certificate of Sale, ECF No. 36-10; *Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) ("The standard for preliminary injunctive relief requires a *threat* of irreparable harm, not that irreparable harm already have occurred.").

Defendants have also not shown that the balance of hardships tips in their favor.  Defendants have asked the Court to, among other requests, enjoin plaintiff from "representing any managerial rights over Landa App 3 . . . ."  Defs.' Order to Show Cause with TRO 1.  The court in *Wickapogue 1* confronted a similar situation.  That movant sought to prevent a sale of its membership interest in an LLC that served as collateral. *Wickapogue 1*, 657 F. Supp. 3d at 237.  The court found the balance of hardships weighed against the movant because the harm "comes from business realities" that did not justify "court intervention."  *Id.* at 242.  Here, too, defendants' requests do not provide a suitable basis for intervention at this stage, especially considering the broad and vague nature of defendants' multiple requests.  *See Ferri v. Berkowitz*, 293 F.R.D. 144, 145 (E.D.N.Y. 2013) (citing prior order "declin[ing] to enter the requested injunctive relief as far too vague and broad to be justified or enforced").

Finally, defendants do not address the question of whether an injunction is in the public interest at all.

The request for a TRO is denied.  A hearing will take place before Judge Komitee on November 20, 2025, at 10:00 a.m., in Courtroom 6G North, on the request for a preliminary injunction.

SO ORDERED.


   /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    November 16, 2025
          Brooklyn, New York