UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ALLISON LENDING, LLC,                             :
                                                  :
                              Plaintiff,          :
                                                  :     REPORT AND
             -against-                            :     RECOMMENDATION
                                                  :
LANDA APP 3 LLC, YISHAI COHEN                      :     25-CV-1939 (EK)(MMH)
a/k/a YSHAY COHEN, MR SUPER INC.,                 :
TIKTOK INFORMATION TECHNOLOGIES                   :
UK LIMIT, JOHN DOE and JANE DOE,                  :
                                                  :
                              Defendants.         :
------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Allison Lending LLC ("Allison Lending") sued Defendants Yishai Cohen, Landa App 3 LLC ("Landa"), Mr. Super Inc., TikTok Information Technologies UK Limit, and various unnamed defendants pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301 *et seq.*, to foreclose on a mortgage encumbering one commercial property commonly known as 1363 Hancock Street, Brooklyn, New York 11237, and known on the Kings County Tax Map as Block: 3392 Lot: 53 in the County of Kings and State of New York (the "Property"). (*See generally* ECF No. 1.)[1] Before the Court is Landa's motion for a temporary restraining order and preliminary injunction: (1) staying the judicial foreclosure process and sale of the Property; and (2) enjoining Plaintiff from transferring title to other commercial properties owned by Landa; Plaintiff opposes this request. (*See generally* ECF Nos. 44–45, 47.) The Honorable Eric R.

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

Komitee referred the motion for report and recommendation.  For the reasons set forth below, the Court respectfully recommends that the motion should be **denied.**

I.    <u>**BACKGROUND**</u>

The facts are drawn primarily from the Complaint, the motion papers, and exhibits attached thereto.

On August 19, 2022, Landa executed and delivered a mortgage and note to IceCap Sub-Reit II, LLC as evidence of a $1.225 million loan.  (Compl. ¶ 14; *id.* Ex. B, ECF No. 1-6 at 1–29.)  On June 14, 2024, Landa obtained another loan in the amount of $87,250.00 and executed and delivered to RBI Mortgages LLC ("RBI") a mortgage and note dated June 14, 2024.  (Compl. Ex. B, ECF No. 1-6 at 34–69.) On the same date, Landa executed the following: (1) a Consolidation, Extension and Modification of Mortgage and Security Agreement which consolidated the previous mortgages into one lien for $1.3 million (Compl. Ex. C, ECF No. 1-7 at 1–13); (2) a Consolidated and Restated Mortgage, Assignment of Rents, Security Agreement and Fixture Filing (Compl. Ex. C, ECF No. 1-7 at 14–52); (3) a Consolidated and Restated Promissory Note (Compl. Ex. D, ECF No. 1-8); and (4) an Assignment of Leases and Rents, which granted a security interest to RBI in all leases and lettings related to the Property. (Compl. Ex. E, ECF No. 1-9.)  The Assignment of Leases and Rents was recorded in the Office of the City Register of the City of New York in Kings County on July 30, 2024. (*Id.*)

As further security for the indebtedness, on June 14, 2024, Cohen executed, acknowledged and delivered to RBI a Guaranty of Payment, where he guaranteed the repayment of all sums due under the loan.  (Compl. ¶ 19; Compl. Ex. F, ECF No. 1-10.) Additionally, the wet-ink Note was transferred to Plaintiff as evidenced by the Allonge to the Note. (Compl. ¶ 20; Compl. Ex. D, ECF No. 1-8 at 8.)  Pursuant to the loan documents, in any

2

lawsuit for foreclosure, Plaintiff, or its successors or assigns, possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law. (Compl. ¶ 21.) Landa defaulted under the terms of the loan documents by failing to make payments due on or around November 1, 2024. (*Id.* ¶ 22; *see also* ECF No. 47 at 7; ECF No. 47-8 (Demand Loan Payoff).) Plaintiff alleges that the unpaid principal balance is $1.3 million, plus costs, fees and charges. (Compl. ¶ 23.) Plaintiff further avers that, pursuant to the loan documents, prior notices of default were not required. (*Id.* ¶ 27.)

Plaintiff filed this suit on April 8, 2025, seeking to foreclose on the Property. (*See generally* Compl., ECF No. 1.) The Clerk of Court entered default on July 23, 2025, at Plaintiff's request, after Landa and Cohen failed to answer or otherwise respond to the Complaint. (ECF No. 28.) Plaintiff moved for default judgment on August 13, 2025. (ECF No. 30.) While that motion was pending, on November 10, 2025, Landa filed an emergency motion for a temporary restraining order and preliminary injunction seeking to stay the case, arguing that in August 2025, Plaintiff unlawfully acquired Landa at auction in violation of the New York Uniform Commercial Code (the "UCC"). (*See generally* ECF No. 36; *see also* ECF No. 36-1 at ¶¶ 3–9.) The motion thus sought to vacate the UCC sale, dismiss this action, or, in the alternative, vacate default. (*See id.*)[2] Judge Komitee denied Landa's application for a temporary restraining order on November 16, 2025, and, at a hearing on November 20, 2025, denied the preliminary injunction request. (*See* Nov. 16, 2025 Order, ECF No. 37; Nov. 20, 2025 Minute Entry.)

---

[2] The Court does not address Plaintiff's motion for default judgment (ECF No. 30) or Landa's motion to vacate default (ECF No. 36) and for other relief (*see* ECF No. 45-4 at 26–27).

On January 23, 2026, Landa filed a second emergency motion for a temporary restraining order and preliminary injunction. (*See generally* ECF No. 45-4.)  Landa now seeks a temporary restraining order and preliminary injunction to prevent Plaintiff from (1) disposing of Landa's security interest in the Property through the judicial foreclosure process; and (2) further transferring title to other commercial properties owned by Landa.  (*Id.* at 31.)  Judge Komitee referred the motion for a report and recommendation.  (Jan. 24, 2026 Order Ref. Mot.)  On February 2, 2026, the Court heard oral argument on the motion.  (*See generally* Feb. 2, 2026 Hr'g Tr. ("Tr."), ECF No. 48.)

## II.    **DISCUSSION**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief."  *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)).  "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."  *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citing *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)).  "In this Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction."  *1077 Madison St., LLC v. Mar.*, No. 14-CV-4253 (JMA)(PK), 2017 WL 6387616, at *2 (E.D.N.Y. Aug. 22, 2017), *aff'd sub nom. 1077 Madison St., LLC v. Daniels*, 954 F.3d 460 (2d Cir. 2020).

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely

4

before the other requirements for an injunction will be considered." *Wickapogue 1 LLC v. Blue Castle (Cayman) Ltd.,* 657 F. Supp. 3d 234, 239 (E.D.N.Y. 2023) (quoting *Home It, Inc. v. Wen*, No. 19-CV-7070 (MKB)(VMS), 2020 WL 353098, at *3 (E.D.N.Y. Jan. 21, 2020)). To make this showing, the moving party "'must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.'" *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). "If an injury can be appropriately compensated by an award of monetary damages, then an adequate remedy at law exists, and no irreparable injury may be found to justify specific relief." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004).

Landa claims that it would face irreparable harm because all the disputed properties are "unique" and, without a temporary restraining order, Landa will lose rental income and control of the properties. (*See* ECF No. 45-4 at 11–16; Tr. at 3:14–21, 6:25–7:5.) Plaintiff responds that there is no threat of irreparable harm related to the Property because the UCC sale has already happened, the loss of other commercial properties is not sufficient to constitute irreparable harm, and any harm is compensable by monetary damages. (*See* ECF No. 47 at 9–13; Tr. at 8:15–9:4.)

Landa fails to establish irreparable harm. It is undisputed that Landa's sole interest in the Property is commercial. (*See e.g.*, Cohen Aff., ECF No. 45-3 ¶¶ 9, 12, 50–51, 53; Mot. Ex. B, ECF No. 45-6 (series operating agreement); Opp. Ex. B, ECF No. 47-3 (consolidation, extension and modification agreement); *id.* Ex. C, ECF No. 47-4 (assignment of leases and rents).) Landa manages the Property as a residential rental property and generates income by

collecting rent from tenants. (*See* Cohen Aff., ECF No. 36-2 ¶¶ 24–26; ECF No. 36-6 (tenant emails).) Based on the record before the Court, Landa's primary concern in seeking injunctive relief relates to the economic consequences that may arise from losing, transferring, or selling the Property. (ECF No. 45-4 at 14–18; Tr. at 6:18–7:22.) "'Since [the movants]' interest in the real estate is commercial, and the harm they fear is the loss of its investment, as opposed to loss of their home or a unique piece of property in which they have an unquantifiable interest, they can be compensated by damages and therefore cannot demonstrate irreparable harm.'" *Atlas MF Mezzanine Borrower, LLC v. Macquarie Texas Loan Holder, LLC*, No. 17-CV-1138 (LLS), 2017 WL 729128, at *3 (S.D.N.Y. Feb. 23, 2017) (quoting *Broadway 500 W. Monroe Mezz II LLC v. Transwestern Mezzanine Realty Partners II, LLC*, 915 N.Y.S.2d 248, 249 (1st Dep't 2011)).[3]

Landa also seeks an injunction to prevent Plaintiff from acting on behalf of Landa and unlawfully transferring deeds to other commercial properties—unrelated to the Property at issue here—pending resolution of state court foreclosure actions involving those properties. (Tr. at 21:6–13; ECF No. 49 at 1–2.) *See, e.g.*, *NWL Co., LLC v. Landa App 3 LLC, et al.*, Index No. 514059/2025 (Sup. Ct. Kings Cnty.) (regarding the property at 132 Cornelia Street, Brooklyn, New York); *U.S. Bank Trust Nat'l Ass'n as Tr. of HOF Grantor Trust 1 v. Landa App 3 LLC, et al.*, Index No. 507903/2025 (Sup. Ct. Kings Cnty.) (regarding the property at 24 Ditmars Street, Brooklyn, New York); *see also 1363 Hancock LLC v. Landa App 3 LLC, et al.*, Index No. 541931/2025 (Sup. Ct. Kings Cnty.) (declaratory judgment action against

---

[3] *But see Meisels v. Meisels*, 630 F. Supp. 3d 400, 413 (E.D.N.Y. 2022) (plaintiff established irreparable harm based on evidence that defendants had no legitimate ownership claim and refused to relinquish control of the disputed properties) (citing *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988)).

Landa, Cohen, and others for fee title to the Property and barring them from all claims to an estate or interest in the Property).  But Landa has not provided any authority for this Court to enjoin the sale of properties that are subject to foreclosure actions pending in state court. (Tr. at 4:12–5:21.)[4]

Accordingly, insofar as Landa is requesting injunctive relief relating to pending state court proceedings, the Court must abstain under the *Younger* doctrine because the request implicates the state's interest in enforcing the orders and judgments of its courts. *See Ajaero v. Obama*, No. 23-CV-8096 (LTS), 2023 WL 7386583, at *5 (S.D.N.Y. Nov. 7, 2023) (holding that the *Younger* doctrine applied where plaintiff requested court intervention in "various state court proceedings, including [] eviction [and] foreclosure proceedings," because it implicated the state's interest in enforcing the orders and judgments of its courts).

For these reasons, Landa has failed to establish irreparable harm and, on that basis alone, a preliminary injunction is not warranted.  *See Smith v. City of New York*, 754 F. Supp. 3d 581, 584 (S.D.N.Y. Oct. 25, 2024) (holding that plaintiff's declarations did not establish imminent or irreparable harm, which alone merited denying injunctive relief) (citing *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 63 (2d Cir. 2007); *see also Thomas v.*

---

[4] Indeed, the Court may be barred from enjoining deed transfers for properties in state court foreclosure actions because "[t]he *Younger* abstention doctrine cautions federal courts against enjoining or otherwise interfering in ongoing state proceedings." *Umeze v. Johnson*, No. 25-CV-5610 (DEH), 2025 WL 2644628, at *1 n.1 (S.D.N.Y. Sept. 15, 2025) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013)) and *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)); *see also McDonald v. Esposito*, No. 20-CV-828 (RPK)(RML), 2021 WL 1062259, at *3 (E.D.N.Y. Mar. 18, 2021) ("A foreclosure action qualifies as a 'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts,'" thus warranting *Younger* abstention) (quoting *Newman v. Wells Fargo Bank, N.A.*, No. 18-CV-2175 (KAM)(SMG), 2019 WL 5694334, at *4 (E.D.N.Y. July 10, 2019)).

*Amazon.com, Inc.*, No. 23-CV-1271 (HG), 2024 WL 3706841, at *2 (E.D.N.Y. July 15, 2024) (denying preliminary injunction where plaintiff failed to show irreparable harm).

## III.    CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the motion for a temporary restraining order and preliminary injunction at ECF No. 45 should be **denied.**

A copy of this Report and Recommendation is being served on all appearing parties via ECF.  Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Komitee.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 10, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge